UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 01-4040

EDUARDO FRANZINI-ESCAMILLA,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-229)

Submitted: March 4, 2002

Decided: March 20, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Robert J. Harris, Durham, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Lisa B. Boggs, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eduardo Franzini-Escamilla was charged in Counts 3 and 4 of a four-count indictment. In Count 3, he was charged with knowingly and intentionally distributing 251.9 grams of cocaine base ("crack") and 1.2 kilograms of cocaine hydrochloride in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999). In Count 4, he was charged with knowingly carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c)(1)(A), (c)(1)(A)(i) (West 2000). Franzini-Escamilla pled guilty under a plea agreement to both counts. The district court sentenced him to 132 months in prison and five years of supervised release for Count 3 and sixty months in prison, to run consecutively, and three years of supervised release, to run concurrently, for Court 4.

Franzini-Escamilla's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether Franzini-Escamilla's plea was given knowingly and voluntarily and with effective assistance of counsel, but stating that, in his view, there are no meritorious issues for appeal. Franzini-Escamilla filed a pro se supplemental brief arguing his counsel was ineffective, he was coerced by his counsel into pleading guilty and coerced into lying to the probation officer, and he was never involved in drug trafficking.

Our review of Franzini-Escamilla's guilty plea and the Fed. R. Crim. P. 11 hearing reveal no error. *See United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We decline to consider on direct appeal Franzini-Escamilla's ineffective assistance of counsel claims because counsel's ineffectiveness does not plainly appear on the face of the record. Rather, any challenge Franzini-Escamilla may have to his attorney's performance is more properly raised in post-conviction proceedings. *Id.* at 120-121. In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Franzini-Escamilla's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*